Link: 161

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| Case No. | CR 09-229-GAF-4 | | Date | April 21, 2010 |
|---|---|---|---|---|

| Present: The Honorable | **GARY ALLEN FEESS** |
|---|---|
| Interpreter | None |

| Renee Fisher | None | J. Lana Morton-Owens<br>Amanda N. Liskamm |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 4) Guadalupe Ramirez | | √ | | 4) Nancy Kardon | √ | | |

**Proceedings:**        (In Chambers)

### ORDER RE: MOTION IN LIMINE

   Defendant Guadalupe Ramirez's motion in limine to exclude expert testimony came on for hearing on Monday, April 19, 2010.  Based on the parties' memoranda of points and authorities, and the argument presented at the hearing, the motion is **DENIED** except to the extent that: (1) the Government seeks to present expert testimony regarding the intent with which Defendant Ramirez acted; and (2) the expert intends to opine that the subject of any specific recorded conversation was a drug transaction.  To that limited extend, the motion is **GRANTED**.  The Court explains in greater detail below.

   The present case alleges that the named defendants conspired to distribute methamphetamine, distributed methamphetamine, and engaged in related behavior giving rise to additional counts against them.  One defendant, Guadalupe Ramirez, is scheduled for trial on April 27, 2010.  In the course of his trial, the Government expects to call an expert witness to testify regarding a variety of issues related to the operation of drug organizations.  The Government's expert is Chino Police Department Officer James Hardaker, who is expected to testify regarding the structure and operation of drug organizations, the price of illegal drugs at various marketing levels, the use of drug jargon and code, and the meaning of coded terms.  The government indicates that it also intends to call lay witnesses to testify to the meaning of ambiguous portions of some conversations, based on the perceptions of those witnesses during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES - GENERAL

the course of the investigation.

Defendant moves to exclude testimony of the government's expert. Defendant argues that the expert is being called to testify to the ultimate issue – defendant's state of mind – and, more specifically, that the expert will attempt to characterize certain conversations as conversations about a drug transaction and that such testimony would be improper under Rule 704, Fed. R. Evid., and would deny him rights under the Fifth and Sixth Amendments to the United States Constitution. In support of the motion, Defendant relies heavily on United States v. Freeman, 498 F.3d 893 (9th Cir. 2007) and United States v. Dukagjini, 326 F.3d 45 (2d Cir. 2003). The Government contends that it has no intention of asking any witness to opine on the issue of Defendant's state of mind, and that it will phrase questions regarding conversations to avoid seeking a statement of opinion that the conversation is (as opposed to being consistent with) a conversation involving a drug transaction.

The Court will permit the Government to elicit testimony from the expert as follows:

(1) The organization and operational structure of drug conspiracies;
(2) The market prices of methamphetamine at different levels of distribution;
(3) The general use of jargon and/or coded terms in conversations between and among conspirators;
(4) The meaning of jargon and/or coded terms used in this case with which he has prior familiarity;
(5) The meaning of jargon and/or coded terms unique to this case so long as he explains the method used to determine the meaning of the term and the facts on which his conclusion is based;
(6) His opinion as to whether or not a particular conversation is consistent with a conversation about a drug deal.

The Court will permit the Government to elicit lay opinion testimony from investigating officers who can provide a factual basis for the opinion. The example discussed at the hearing is instructive. If a conversation makes reference to "two piles, one A and one B" and if an investigating officer conducts surveillance of participants in the conspiracy after that conversation and seizes from them two bundles of cash, one labeled "A" and the other "B," the officer can opine that the reference in the conversation was to the two bundles of cash. The Court emphasizes that, with respect to any lay opinion testimony, an adequate foundation must be laid to establish a basis in fact for the opinion.

**IT IS SO ORDERED**.

Link: 161

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL